IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKI L. SCHLUCKEBIER,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSISTED LIVING CONCEPTS, Inc.;<br><br>    Defendant. | 4:11CV3111<br><br>**MEMORANDUM AND ORDER** |

The plaintiff has filed a motion to recover her costs incurred due to the defendant's failure to provide timely notice of its inability to participate in a settlement conference. (Filing No. 46).  As stated in the plaintiff's motion, upon the parties request, a settlement conference was scheduled to be held before me on November 5, 2012 at 1:00 p.m. (Filing No. 36).  The settlement conference order stated that to avoid unnecessarily incurring the travel and other expenses resulting from a cancellation or postponement of the settlement conference, any request to cancel or change the conference date needed to be made before October 29, 2012.  The settlement conference was re-scheduled to November 9, 2012 to accommodate the defendant.  It was then rescheduled to November 27, 2012 at 5:30 p.m., but again had to be rescheduled due to a scheduling conflict for the defendant.  Both scheduled dates were approved by the parties before they were set.

In preparation for each of the settlement conferences, the plaintiff, who now operates a day care, provided notice to her customers that she was unable to provide day care on the settlement conference dates.  Her husband, an insurance agent, cancelled all appointments for the two dates.  The plaintiff requests a total of $288.00 for the loss of day care revenue, and a one-day loss of insurance commissions and business overhead resulting from the scheduling changes.   (Filing Nos. 47-1 & 47-2).

The defendant acknowledges that its corporate representative, Mary Zak-Kowalczyk, JD, Vice President and Corporate Secretary for defendant Assisted Living Concepts, Inc., could not attend the settlement conferences on the previously scheduled dates. But it states that but for the plaintiff's objection, the settlement conference could have been conducted with Ms. Zak-Kowalczyk participating by telephone or videoconference. The defendant further argues the settlement conference was ultimately cancelled because it would have been futile, and the plaintiffs have not offered sufficient evidence in support of their expense claims. (Filing No. 51).

The court's order setting the settlement conference stated:

1. A settlement conference will be held before the undersigned magistrate judge with counsel and representatives of the parties on November 5, 2012, beginning at 1:00 p.m. in chambers, 566 Federal Building and United States Courthouse, 100 Centennial Mall North, Lincoln, Nebraska. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance herewith.

2. Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.

(Filing No. 36, ¶ 2)(emphasis added). The plaintiff objected to allowing the defense representative's participation by telephone, and based on that objection, the court did not excuse personal attendance at the settlement conference.

The court finds that the plaintiff did incur expenses which could have been avoided had the defendant's representative attended a conference when scheduled. The plaintiff's affidavit explains she lost $100 of day care income by cancelling day care appointments for one day. The defendant has offered no contrary evidence. The court finds the plaintiff is entitled to recover her $100 loss.

2

The plaintiff's husband claims he cancelled appointments and closed his office for a day, and that he makes insurance commissions averaging $144 per day with a daily overhead of $40. The defendant objects to paying these amounts, stating there is insufficient evidence that the plaintiff's husband actually lost the amounts claimed by closing the office for a day. The court agrees.[1]

Accordingly,

IT IS ORDERED:

1. The plaintiff's motion, (Filing No. 46), and the defendant's objection thereto, (Filing No. 51), are each granted in part.

2. On or before January 14, 2013, the defendant shall pay $100 to the plaintiff for losses she incurred due to the unavailability of defendant's representative to attend the scheduled settlement conference.

January 4, 2013.

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge

---

[1] In addition, the plaintiff's husband is not a party to the litigation, and although the plaintiff may have wanted him present, there is nothing of record explaining why his presence at the settlement conference was necessary for final resolution of this case.