IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICKI L. SCHLUCKEBIER, | ) | Case No.: 4:11-CV-03111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON |
| vs. | ) | FINAL PRETRIAL |
| | ) | CONFERENCE |
| ASSISTED LIVING CONCEPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

A final pretrial conference was held on the 26th day of February, 2013. Appearing for the parties as counsel were:

1.      Plaintiff's attorney:

Gail S. Perry
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508
402-475-1075

2.      Defendant's attorney:

Raymond R. Aranza
Marks Clare Law Firm\
11605 Miracle Hills Drive
Suite 300
Omaha, NE  68154
402-492-9800

**(A)      Exhibits.**  See attached Exhibit Lists.

**(B)      Uncontroverted Facts.**  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.      Vicki Schluckebier was employed by ALC from March 2, 2009 to February 9, 2010 as Residence Director at Greene House, an assisted living facility in Seward, Nebraska.  Vicki Schluckebier resided in Seward with her husband and daughter.

2.      One of the benefits offered by ALC as compensation to employees throughout Vicki Schluckebier's employment was Short Term Disability benefits.

3.      Vicki Schluckebier became pregnant in 2009 and applied for Short Term Disability benefits.  She was approved for Short Term disability benefits from January 21, 2010 through March 3, 2010.

4.      Vicki Schluckebier took leave and was terminated on February 9, 2010 because someone else had been hired to replace her.

5.      Vicki Schluckebier's Short Term Disability benefits ceased on February 9, 2010, the date of her termination.

6.      The only way for Vicki Schluckebier to continue the Short Term Disability benefits and receive her approved leave would be to remain employed with ALC through March 3, 2010.

7.      During her employment Vicki Schluckebier worked at least 1250 hours.  On March 2, 2010, one day before the end of her paid maternity leave, she would have worked at ALC one year.

8.      If she had remained employed, Vicki Schluckebier would have qualified for FMLA leave on March 2, 2010, her one year employment anniversary date.

9.      Vicki Schluckebier would have been entitled to an additional 12 weeks of unpaid leave and restoration to her position under the Family and Medical Leave Act (FMLA). Defendant objects.

10.     The "key employee" exception to job restoration under the Family and Medical Leave Act has not been plead and is not a defense in this case.

11.     The Defendant is an employer covered by the FMLA.

12.     The Defendant is an employer subject to Title VII of the Civil Rights Act of 1964.

13.     The Defendant is an employer subject to the Pregnancy Discrimination Act.

14.     The Defendant is an employer subject to the Nebraska Fair Employment Practices Act.

15.     The Defendant is an employer subject to the Nebraska Wage Payment Collection Act.

16.     Vicki Schluckebier's performance as an ALC employee was satisfactory during her employment and her termination was not based on performance issues.

**(C)    Controverted and Unresolved Issues.**  The issues remaining to be determined and unresolved matters for the court's attention are:

**Plaintiff's Controverted and Unresolved Issues:**

1.    Whether the Defendant was free to terminate the Plaintiff's employment when she was on approved paid maternity leave which was provided by ALC as a benefit and which was fully earned at the time she was approved for and began the leave, when terminating her employment would also end the benefits.

2.    Whether the Plaintiff was entitled to the full paid maternity leave for which she was approved under the Nebraska Wage Payment and Collection Act, including all benefits.

3.    Whether the Defendant improperly computed the Plaintiff's eligibility for FMLA leave by failing to recognize she would reach her one year anniversary while she was on approved paid maternity leave, and whether the Defendant's policy in that regard violates the FMLA.

4.    Whether the Defendant's failure to restore the Plaintiff to her position as residence director at the Seward Green House location violated the protections of the FMLA to which she was entitled.

5.    Whether the Defendant illegally discriminated against the Plaintiff on the basis of her gender and her pregnancy in violation of federal law.

6.    Whether the Defendant violated the Wage Payment and Collection Act by disposing of the Plaintiff's submission for reimbursement.

7.    Whether the Defendant's termination of the Plaintiff's employment was in retaliation for her request for and/or to keep her from obtaining benefits and protections of the FMLA.

8.    Whether the Defendant gave the Plaintiff proper notice of her rights under the FMLA

9.    Whether the Defendant terminated the Plaintiff's employment in violation of the FMLA and its implementing regulations.

10.    Whether the Defendant violated the Plaintiff's FMLA rights to a protected leave by failing to restore her to the same or equivalent position.

11.  Whether, under the FMLA, the same or equivalent position includes a Residence Director position in York, Nebraska or Wahoo, Nebraska, when the Plaintiff resides in Seward, Nebraska.

12.  Whether the Plaintiff is required to reapply for other positions with the Defendant to mitigate damages when the termination is wrongful.

13.  Whether the Defendant discriminated against the Plaintiff in her employment by demanding more of Plaintiff than similarly situated employees because of her pregnancy and need for leave.

14.  Whether the Defendant discriminated against the Plaintiff in her employment by replacing her based on the assumption that she was not going to return from leave.

15.  Whether the Defendant breached the oral contract of employment with the Plaintiff promising short-term disability benefits through March 3, 2010.

16.  Whether the Defendant breached the oral contract of employment with the Plaintiff by destroying and failing to honor the Plaintiff's claim for reimbursement of business related expenses.

17.  Whether the Plaintiff reasonably relied on the Defendant's promise that she would receive short term disability benefits through March 3, 2010.

18.  Whether the Defendant should have reasonably foreseen and expected Plaintiff to rely on its promise of short term disability benefits through March 3, 2010.

19.  Whether the Defendant fulfilled its promise to Plaintiff of short-term disability benefits through March 3, 2010.

20.  Whether the Defendant's termination of the Plaintiff based on pregnancy is counter to public policy and constitutes wrongful termination in violation of public policy.

21.  Whether the Plaintiff was treated by the Defendant the same as other employees who were not affected by pregnancy and childbirth, including the receipt of employee benefits.

22.  Whether the Defendant forced Plaintiff to work longer hours, made comments regarding pregnant people and her own pregnancy, and otherwise created a hostile work environment for her in violation of Title VII.

23.  Whether the Defendant intentionally and/or recklessly inflicted severe emotional distress upon the Plaintiff that no reasonable person should be expected to endure when it treated her differently than non-pregnant employees in the workplace, and terminated her employment, cut off her promised short term disability benefit, failed to allow her to

return to her position, and disposed of her tax documents and her expense reimbursement request without paying her reimbursement.

**DAMAGES:**

**SPECIAL DAMAGES:**
1.  Short term disability from the date of termination to the end of the approved leave.

2.  Back pay from the date of termination to the time of trail in the amount of annual compensation and benefits (3/10/10/ to 12/15/11 = 93 weeks at $671.23 per week) = $62,424.39.**

3.  Front pay from the time of trial forward in the amount of annual compensation and benefits (12/15/11 to 12/14/13 = 104 weeks at $671.23 per week) = $69,807.92.

4.  Expense reimbursement due from the defendant prior to termination.

<span style="color:red">**The defendant does not agree to the amounts.**</span>

**COMPENSATORY DAMAGES**

**ATTORNEYS FEES:**   Under the FMLA, WAGE PAYMENT AND COLLECTION ACT, Title VII, Nebraska Pregnancy Discrimination Act or other legal basis.

**PREJUDGMENT INTEREST:**

Plaintiff is entitled to prejudgment interest on short term disability benefits and unreimbursed expenses.

**DOUBLE/TRIPLE DAMAGES AND PENALTIES IN FMLA AND WAGE PAYMENT AND COLLECTION ACT.**

1.      Whether the Defendant's failure to pay the full amount of the short term disability benefits and/or failure to reimburse for expenses knowing and intentional under the Nebraska Wage Payment and Collection Act.

2.      Whether the Defendant's violation of the FMLA was knowing and intentional, or with reckless disregard.

**PUNITIVE DAMAGES**

1.      Whether the plaintiff is entitled to punitive damages.

**Defendant's Issues:**

1.      Whether Defendant is entitled to an offset for all wages or income earned by Plaintiff, including all unemployment benefits paid to Plaintiff

2.      Whether Plaintiff mitigated her damages, or whether any damages suffered by Plaintiff are the result of her own conduct and not the conduct of Defendant.

3.      Whether Plaintiff unreasonably refused to accept available positions that were open with Defendant at the time her employment was terminated or shortly thereafter.

4.      Whether Defendant reasonably believed its actions complied with the Family Medical Leave Act.

5.      Whether all employment decisions made by Defendant as concerns Plaintiffs employment was for non-discriminatory reasons.

6.      Whether Plaintiff is barred from recovery under the doctrine of laches or promissory estoppel.

7.      Whether plaintiff's leave benefits were earned once she was terminated form employment.

8.      Whether Plaintiff is entitled to disability benefits pursuant to the Wage Payment and Collection Act once she was terminated form employment.

10.     Whether defendant disposed of plaintiff's submission for reimbursement of expenses, and whether plaintiff submitted a form for reimbursement of expenses either before or after her employment was terminated.

11.     Whether there was an oral contract of employment with plaintiff promising Short Term Disability benefits through March 3, 2010.

12.     Whether there was an oral contract of employment with plaintiff as a result of destroying or failing to honor plaintiff's claim for reimbursement of expenses.

13.     Whether there was a promise to plaintiff of Short Term Disability benefits through March 3, 2010.

14.     Whether plaintiff's theory of termination based on pregnancy is recognized as a wrongful termination in violation of public policy under Nebraska law.

**(D)      Witnesses.**  All witnesses, including rebuttal witnesses, expected to be called to testify, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

See Attached Witness Lists.

The parties agree that the depositions of Beth Block, Jamie DeMuth, and Kriste Korte may be used at trial irrespective of whether the witnesses are available.

**(E)   Expert Witnesses' Qualifications.**  Experts to be called by plaintiff and their qualifications are:

None.

Experts to be called by defendant and their qualifications are:

None.

**(F)   Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

Plaintiff has no special requests.

**(G)   Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of eight (8) members.

**(H)   Verdict.**  The parties will not stipulate to a less-than-unanimous verdict.

**(I)   Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and proposed findings of fact shall be filed five (5) working days before the first day of trial, **as** well as motion in limine.

**(J)   Length of Trial.**  Counsel estimate the length of trial will consume not less than two (2) day(s), not more than four (4) day(s), and probably about three (3) day(s).

**(K)   Pending and Anticipated Motions.**

Plaintiff's Motion in Limine regarding the testimony of Michele Connot.

Plaintiff's motion to prohibit supplemental responses to the written discovery served in November by the plaintiff and the January deposition testimony of Io Schug—pending before the undersigned magistrate judge.

The parties will submit a proposed protective order prior to trial.

**(L)    Trial.** Trial is set for March 18, 2013 for three trial days. The parties are advised to contact Abby Ayodele ((402) 437-1902) or, in her absence, Colleen Beran ((402) 437-1908) for information of how to use the court's evidence presentation technology.

VICKI L. SCHLUCKEBIER, Plaintiff


s/ Gail S. Perry
Gail S. Perry, #17569
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508
402/475-1075

ASSISTED LIVING CONCEPTS, INC. Defendant


s/ Raymond R. Aranza
Raymond R. Aranza, #18523
Marks Clare Law Firm
11605 Miracle Hills Drive
Suite 300
Omaha, NE  68154
402-492-9800

                                        BY THE COURT:


3/8/2013
                                        _____
                                        United States Magistrate

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICKI L. SCHLUCKEBIER, | ) | CASE NO.   4:11-CV-03111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S WITNESS LIST |
| | ) | |
| ASSISTED LIVING CONCEPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Will Call:**

Vicki L. Schluckebier
699 Cory Drive
Seward, NE  68434

Sam Schluckebier
699 Cory Drive
Seward, NE  68434

Tim Dunne
Regional Director
Assisted Living Concepts, Inc.
W140 N 8981 Lilly Road
Menomonee Falls, WI  53051

Io Schug
Director of Human Resources
Heartland Division
Assisted Living Concepts, Inc.
W140 N 8981 Lilly Road
Menomonee Falls, WI  53051

Beth Block
70490 Sorensen Avenue
Steele City, NE  58440

Jamie DeMuth

**May Call:**

Mary T. Zak-Kowalcyk, (F)
Assisted Living Concepts, Inc.
W140 N 8981 Lilly Road
Menomonee Falls, WI  53051

Rachel McMenamin (F)
Court Reporter
Thibault, Suhr & Thibault
6818 Grover Street
Omaha, NE  68127

Deb Neukirk
NEOC Investigator

Jamie Valdez
ALC/Extendicare

Fawn Ienn

Jake & Jessie Luebbe
1291 Clarissa Street
Goehner, NE  68364

Jeff & Melissa Luebbe
3496 Superior Road
Seward, NE  68434

Jon & Krista Burhoop
922 North 3rd Street
Seward, NE  68434

Kerry & Terry Stalsberg
809 North 7th Street
Sward, NE  68434

Joe & Andrea Baack
1133 North Columbia Avenue
Seward, NE  68434

Plaintiff reserves the right to call each and every witness identified by Defendant in this Pretrial Order.

745382

Page 2 of  2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VICKI L. SCHLUCKEBIER,** | ) | **Case No. 4:11-cv-03111** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT'S WITNESS LIST** |
| **ASSISTED LIVING CONCEPTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Vicki Schluckebier (will call)
Seward County, Nebraska


Sam Schluckebier (will call)
Seward County, Nebraska


Tim Dunne (will call)
Ada County, Idaho


Io Schug (will call)
Palm Beach County, Florida


Petra Misner (may call)
Lancaster County, Nebraska


Kristi Korte (will call)
Seward County, Nebraska

Michelle Connot (may call)
Lancaster County, Nebraska

Records Custodian, NEOC
Lincoln, NE

Records Custodian, Assisted Living Concepts
Menomonee Falls, Wisconsin

      The above witnesses may be called in Defendant's case-in-chief or as rebuttal witnesses in this matter.  Defendant reserves the right to call each and every witness identified by Plaintiff in this Pretrial Order.

J:\CMECF\Ending Digits\Zwart documents\Pretrial docs\defendant's witness list.docx

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICKI L. SCHLUCKEBIER, | ) | Case Number: 4:11-CV-03111 |
| | ) | |
| Plaintiff , | ) | |
| | ) | PLAINTIFF'S EXHIBIT LIST |
| VS. | ) | |
| | ) | |
| ASSISTED LIVING CONCEPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Trial Date(s):

| PLF | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| 1 | | Letter from Gail Perry to Io Schug 4/16/10 | | R | | | |
| 2 | | Letter from Mary Zak-Kowalzcyk to Gail Perry 5/14/10 | | R | | | |
| 3 | | Letter from Deb Neukirch to Mary Zak-Kowalscyk request for additional documentation 4/5/11 | | | | | |
| 4 | | Letter from Deb Neukirch to Mary Zak-Kowalscyk request for additional documentation 3/3/11 | | | | | |
| 5 | | Assisted Living Concepts position statement 9/29/10 by Mary Zak-Kowalczyk | | | | | |
| 6 | | Letter from Mary Zak-Kowalczyk to Deb Neukirch 3/7/11 in response to request for additional information | | | | | |
| 7 | | Title – Regional Director of Operations | | | | | |
| 8 | | Assisted Living Concepts FMLA Designation Notice unsigned | | | | | |

| 9 | | Letter from Lisabeth Richards to Deb Neukirch 4/19/11 re response to request for documentation | | | | | |
| 10 | | Email from Rick Parker to Mary Zak-Kowalczyk 4/14/11 re exception report | | R | | | |
| 11 | | Nebraska Department of Labor Hearing Transcript from hearing on April 20, 2010 | | | | | |
| 12 | | Certificate from court reporter for hearing transcript | | | | | |
| 13 | | Io Schugg personal notes (not yet produced) | | | | | |
| 14 | | Deposition of Vicki Schluckebier | | cumulative | | | |
| 15 | | Deposition of Sam Schluckebier | | cumulative | | | |
| 16 | | Deposition of Io Schugg | | cumulative | | | |
| 17 | | Deposition of Tim Dunne | | cumulative | | | |
| 18 | | Defendant's Responses to Plaintiff's Request for Admissions | | cumulative | | | |
| 19 | | Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories | | cumulative | | | |
| 20 | | Demonstrative Exhibit – Timeline of ALC positions<br><br>Not prepared yet. | | R – have not seen | | | |
| 21 | | Emails to Tim Dunne from Jamie Demuth and Tracy Marcinski regarding resignations (3 pages) | | | | | |

| 22 |  | Fax from Vicki Schluckebier to Physicians for Women 1/18/2010 |  |  |  |  |  |
|----|----|-----|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

Anything on Defendant's Exhibit List

**<u>OBJECTIONS</u>**
     **R: Relevancy**
     **H: Hearsay**
     **A: Authenticity**
     **O: Other (specify)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| VICKI L. SCHLUCKEBIER, | ) | Case No. 4:11-cv-03111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S EXHIBIT LIST** |
| ASSISTED LIVING CONCEPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| Exhibit No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Pl** | **DF** | **DESCRIPTION** | **OFF** | **OBJ** | **RCVD** | **NOT RECD** | **DATE** |
| | 101 | Plaintiff's Answers to Defendant's Interrogatories (First Set)(Dep. Ex. 1) (5 pages) | | R | | | |
| | 102 | Vicki Schluckebier Resume (Dep. Exhibit 2) (2 pages) | | R | | | |
| | 103 | Job Description – Residence Director (Dep. Ex. 3)(3 pages) | | | | | |
| | 104 | Letter to Vicki Schluckebier from Io Schug dated February 11, 2009, signed by Vicki Schluckebier on 4/28/09; (Dep. Ex. 4) (2 pages) | | | | | |
| | 105 | Complaint and Demand for Jury Trial; (Dep. Ex. 5) (13 pages) | | R | | | |
| | 106 | Email exchange between Vicki Schluckebier and Tim Dunne dated December 30, 2009 to December 31, 2009 regarding NSP's; (Dep. Ex. 6)(4 pages) | | R | | | |
| | 107 | Memo from Tim Dunne to Resident Director dated October 13, 2009; (Dep. Ex. 7)(1 page) | | | | | |

1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 108 | Memo to Vicki Schluckebier from Tim Dunne dated December 30, 2009; (Dep Ex. 8)(1 page) | | | | | |
| | 109 | Assisted Living Concepts Employee Handbook – Leave of Absence, (Dep. Ex. 9) (6 pages) | F | | | | |
| | 110 | Letter to Vicki Schluckebier from Jamie Valdez dated February 5, 2010 regarding Request for Short Term Disability (Dep. Ex. 10 & 23) ( 2 pages) | | | | | |
| | 111 | Plaintiff's 2010 Schedule C – Profit or Loss from Businsess; (Dep. Ex. 11) (2 pages) | F | | | | |
| | 112 | Plaintiff's 2010 Schedule C-EZ- Net Profit from Business; (Dep. Ex. 12)(2 pages) | F | | | | |
| | 113 | Email exchange between Vicki Schluckebier and Io Schug dated March 23, 2010; (1 page) | | | | | |
| | 114 | Email exchange between Vicki Schluckebier and Io Schug dated February 10, 2010 to February 11, 2010; (2 pages) | | | | | |
| | 115 | Email exchange between Vicki Schluckebier and Tim Dunne dated January 29, 2010; (1 page) | | | | | |
| | 116 | Plaintiff's W-2 Wage and Tax Statement for 2007; (1 page) | | | | | |
| | 117 | Plaintiff's W-2 Wage and Tax Statement for 2008; (1 page) | | | | | |
| | 118 | Plaintiff's Tax Returns for 2008; (Dep. Ex. 25)(23 pages) | F | | | | |
| | 119 | Plaintiff's W-2 Wage and Tax Statement for 2009; (1 page) | | | | | |
| | 120 | Plaintiff's Tax Returns for 2009; (Dep. Ex. 26)(11 pages) | F | | | | |
| | 121 | Plaintiff's W-2Wage and Tax Statement for 2010; (1 page) | | | | | |

2

| | 122 | Plaintiff's Income Tax Return for 2010; (Dep. Ex. 27) (8 pages) | | F | | | |
|---|---|---|---|---|---|---|---|
| | 123 | Plaintiff's Schedule C Profit or Loss from Business; 2009; (2 pages) | | F | | | |
| | 124 | Plaintiff's Income Tax Return for 2011; (Dep. Ex. 28) (16 pages) | | F | | | |
| | 125 | Email from Tim Dunne to employees dated October 12, 2009 regarding "cut-through" issue. (1 page) | | | | | |
| | 126 | Series of Emails regarding Breakthrough dated December 17, 2009 to August 28, 2010; (2 pages) | | | | | |
| | 127 | Email from Tim Dunne to Io Schug dated January 28, 2010 regarding Green House Statement; (1 page) | | | | | |
| | 128 | Email exchange between Joe Anderson, Tim Dunne and Io Schug dated January 28, 2010; | | | | | |
| | 129 | Assisted Living Concepts Employee Handbook – Discipline procedure; (6 pages) | | R | | | |
| | 130 | Plaintiff's Residence Director 90 day evaluation dated 06/02/2009; (4 pages) | | | | | |
| | 131 | Plaintiff's Application for Employment dated 03/01/09; (2 pages) | | | | | |
| | 132 | Memo from Tim Dunne to Vicki Schluckebier dated January 22, 2010;  (Dep. Ex. 24)(1 page) | | | | | |
| | 133 | Email from Vicki Schluckebier to Tim Dunne dated January 18, 2010; (1 page) | | | | | |
| | 134 | Email from Tim Dunne to Vicki Schluckebier dated January 20, 2010; (1 page) | | | | | |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| | 135 | Email from Tim Dunne to Jamie Valdez dated January 27, 2010; (1 page) | | | | |
| | 136 | Email exchange between Tim Dunne to Beth Ann Block dated January 4, 2010; (1 page) | | | | |
| | 137 | Email from Tim Dunne to Vicki Schluckebier dated March 11, 2010; (1 page) | | | | |
| | 138 | NEOC Intake Contact Form dated 07/12/2010; (2 pages) | F | | | |
| | 139 | Request for Leave of Absence signed by Vicki Schluckebier 01/18/2010 (Dep. Ex. 19) (1 page) | | | | |
| | 140 | Offer of employment to Petra Misner dated February 8, 2010, and Petra Misner's resume; (5 pages) | | | | |
| | 141 | Assisted Living Concepts, Inc., Personnel Action Form regarding Plaintiff's termination; (1 page) | | | | |
| | 142 | Assisted Living Concepts Personnel Action Form regarding termination of Tracy Marcinski and Jamie Demuth; (2 pages) | | | | |
| | 143 | Job Description – Community Sales Manager (Multi site) and Residence Sales Manager (single site) | F | | | |
| | 144 | Post-Hire Questionnaire regarding Vicki Schluckebier dated 03/02/09; (2 pages) | R | | | |
| | 145 | Background Information regarding Vicki Schluckebier; (5 pages) | RF | | | |
| | 146 | Leave of Absence Policy; (Dep. Ex. 17); (3 pages) | RF | | | |
| | 147 | FMLA Designation Notice dated 1/22/10; (Dep. Ex. 20) (1 page) | | | | |

4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 148 | Assisted Living Concepts Employee Advantages. . . A guide to Your Benefits in effect 11/09; (Dep. Ex. 21) (4 pages) | | | | | |
| | 149 | Assisted Living Concepts Employee Advantages. . . A guide to Your Benefits in effect 04/2010; (Dep. Ex. 22) (4 pages) | | | | | |
| | 150 | Plaintiff's personnel file; (70 pages) | | | | | |
| | 151 | Copies of emails from Tim Dunne; (87 pages) | | | | | |
| | 152 | Disciplinary Actions regarding Plaintiff (4 pages) | | | | | |
| | 153 | Plaintiff's 2010 babysitting calendar; (11 pages) | | | | | |
| | 154 | Plaintiff's 2011 babysitting calendar; (61 pages) | | | | | |
| | 155 | Disciplinary Memos (Ex. I, Dunne Declaration) | | | | | |
| | 156 | Wage Grids, 2009 (Ex. K, Dunne Declaration) | F | | | | |
| | 157 | Connot Email, 4/2/09 (Ex. M, Dunne Declaration) | R,H, F, 403 | | | | |
| | 158 | ALC NSP Policy (Ex. A, Dunne Supp. Declaration) | | | | | |
| | 159 | 2009 Census Court Spreadsheet (Ex. B, Dunne Supp. Declaration) | | | | | |
| | 160 | 2010 Census Court Spreadsheet (Ex. C, Dunne Supp. Declaration) | | | | | |
| | 161 | Wage Grids, 2009, (Ex. J, Dunne Declaration) | | | | | |

5

| | 162 | Wage Grids, 2010, (Ex. L, Dunne Declaration) | | | | | |
|---|---|---|---|---|---|---|---|

Defendant reserves the right to offer an updated spreadsheet on employees who took leave during the relevant time period.  This request includes any records to support the spreadsheet.  Such request would only be necessary depending on the Court's ruling on the issue that is being considered by Magistrate Zwart.

Any exhibits listed by the Plaintiff.

C:\Users\zwartc\AppData\Local\Temp\notesA6360F\Defendant's Exhibit List re. VICKI L. SCHLUCKEBIER (20898.001) 2-22-13 (00089656).doc